IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUNIL WADHWA and
LYNN LORI WADHWA,

      Plaintiffs,                      Civ. No. S-11-1784 KJM KJN

     vs.

AURORA LOAN SERVICES, LLC,       ORDER
et al.,

      Defendants.
_____/

        On July 6, 2011, plaintiffs filed a complaint against Aurora Loan Services, LLC (Aurora), Capitol One Mortgage Corporation and Mortgage Electronic Registration Systems, Inc. (MERS), alleging causes of action for fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, civil conspiracy, quiet title, usury and fraud, wrongful foreclosure and breach of security interest, all stemming from the purchase of and foreclosure on the real property located at 3055 Orbetello Way, El Dorado Hills, California. ECF No. 1 at 1.

        On July 7, 2011, they filed a motion for a temporary restraining order (TRO), seeking an order restraining the defendants from evicting them should they succeed in the unlawful detainer action scheduled to be heard in El Dorado County Superior Court on July 11, 2011. ECF No. 6-2 at 1. They asked for an order directing defendants to "refrain from reselling, or otherwise transferring, encumbering, hypothecating to any third party the Subject Property . . .

1

1  or displacing Plaintiffs from the Subject Property during the pendency of this proceeding."  ECF
2  No. 6-2 at 21.  The documents submitted with their complaint and TRO show that a trustee's sale
3  of the property was held on October 18, 2010, and that the Trustee's Deed was recorded on
4  October 25, 2010, granting the property to defendant Aurora.  ECF No. 1 at 60-61.

5         The court granted the request for a temporary restraining order, but directed
6  plaintiffs to post a $25,000 bond with the Clerk of this Court, which the court would have
7  accepted as the tender required in a challenge to a foreclosure.  ECF No. 9 at 9-10.  Plaintiffs did
8  not post the bond, but rather provided copies of two bonds, totaling $25,000, which had been
9  posted in El Dorado County Superior Court.  ECF Nos. 12 & 13.  The court issued a minute
10  order, informing plaintiffs that these did not satisfy its order.  ECF NO. 14.  When plaintiffs did
11  not post the bond by the court's deadline, the court vacated the temporary restraining order.  ECF
12  No. 15.

13         On July 26, 2011, plaintiffs filed a second request for the issuance of a temporary
14  restraining order, noting that the trial on the unlawful detainer action was now set for August 1,
15  2011. ECF No. 20-2 ¶ 2.  Plaintiffs' counsel has submitted a declaration, averring that when the
16  court issued its minute order rejecting the copies of bonds posted in a different court as
17  insufficient to satisfy its order, he "immediately sought issuance of a new bond; . . . however,
18  because only eight business hours remained in the day to acquire the bond, the new bond did not
19  issue by day's end."  ECF No. 20-2 ¶ 5.  He continues: "[p]laintiffs have now solicited a new
20  bond in the amount of $25,000 and are prepared to post said bond pursuant to the court's renewal
21  of its order (docket #9) reinstating the TRO . . . ."  ECF No. 20-2 ¶ 7.

22         The court issued a minute order later on July 26, directing counsel to file
23  information about the proposed bond, including the extent of the surety's undertaking, within
24  twenty-four hours of the filing of the order.  ECF No. 23.  Counsel has not responded.

25         As noted above, the court required a bond to be posted <u>in this court</u> as evidence
26  that plaintiffs are able to satisfy the requirement that they tender at least the amount of default in

connection with their challenge to the foreclosure.  Plaintiffs' failure to comply with the court's previous order and their failure in response to the latest order to provide any information suggesting that they in good faith have obtained an appropriate bond indicates they cannot satisfy this court's requirement for the granting of injunctive relief in this case at this time.  FED. R. CIV. P. 65(c).

        IT IS THEREFORE ORDERED that plaintiffs' second application of the issuance of a temporary restraining order is denied.

DATED: July 29, 2011.

_____
UNITED STATES DISTRICT JUDGE

wadh1784.tro(2)