IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUNIL WADHWA AND
LYNN LORI WADHWA,

      Plaintiffs,                    Civ. No. S-11-1784 KJM KJN

   vs.

AURORA LOAN SERVICES
LLC, et al.,                            ORDER

      Defendants.
_____/

       This case was on calendar on August 31, 2011 for a hearing on plaintiffs' motion for a preliminary injunction. Eric A. Yadao, Abdallah Law Group, appeared for plaintiffs; Andrew W. Noble, Severson & Werson, appeared for defendants Aurora Loan Services, LLC, Mortgage Electronic Registration Systems, Inc., and Capital One Financial Corporation.

I. <u>Background</u>

       On July 6, 2011, plaintiffs filed a complaint against Aurora Loan Services, LLC (Aurora), Capitol One Mortgage Corporation and Mortgage Electronic Registration Systems, Inc. (MERS), alleging causes of action for fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, civil conspiracy, quiet title, usury and fraud, wrongful foreclosure and breach of security interest, all stemming from the purchase of, and foreclosure on, the real property located at 3055 Orbetello Way, El Dorado Hills, California. ECF No. 1 at 1.

1         On July 7, 2011, plaintiffs filed a motion for a temporary restraining order (TRO), seeking an order preventing the defendants "from carrying out any unlawful detainer action and/or forcing plaintiffs to vacate their home. . . ," reselling plaintiffs' home, or displacing plaintiffs from the subject property as a result of a pending unlawful detainer trial, then scheduled for July 11, 2011.  ECF No. 6-1 at 1-2.

        Counsel for plaintiffs submitted a declaration "as required by California Code of Civil Procedure § 1005(b)," averring that he sent notification of this motion to defendants Aurora and MERS "on June 7, 2011," but that no one on behalf of defendant Capitol One Mortgage gave him a fax number.  ECF No. 6-4 at 1-2.  The court directed plaintiffs' counsel to notify defendants of their right to file an opposition no later than noon on July 8, 2011; counsel filed a certificate of service of the minute order on defendants.  Defendants did not oppose the motion.   At the hearing on the instant motion, counsel for defendants said that plaintiffs had not provided notice of their request to him, but rather to the clients directly, even though plaintiffs' counsel has interacted with defendants' counsel over the course of several lawsuits about the subject property.  Plaintiffs' counsel did not contest this representation.

        On July 8, 2011, the court granted the motion in part and directed plaintiffs to post a $25,000 bond by the close of business on July 11.  ECF No. 9.  On July 11, counsel filed copies of two bonds that had been posted in El Dorado County Superior Court.  ECF Nos 11-12.  The court notified plaintiffs that these did not satisfy the court's order and, when no other bond was posted, vacated the temporary restraining order.  ECF Nos. 14 & 15.

        On July 26, 2011, plaintiffs filed a second motion for a temporary restraining order, again seeking to restrain the unlawful detainer proceedings, then set for August 1, 2011.  ECF No. 20.  Counsel provided essentially the same memorandum of points and authorities he had submitted in connection with the first motion, not acknowledging the fact that the court had rejected most of his arguments in ruling on the first motion.  *See* ECF No. 20-4.  Counsel averred that he had served the defendants and claimed that when the court rejected the copies of the state

bonds, plaintiffs "solicited a new bond . . .and are prepared to post said bond pursuant to the court's renewal of its order . . .reinstating the TRO . . . ." ECF No. 20-2 ¶ 7.  In a minute order, the court directed counsel to file information about the bond and when he did not do so, denied the second motion for a temporary restraining order.  ECF Nos. 23 & 24.

On August 2, 2011, plaintiffs noticed a motion for a preliminary injunction, once again seeking to restrain defendants from proceeding with an unlawful detainer action, rescheduled for November 7, 2011.  This motion was supported by the same memorandum of points and authorities and a declaration of Sunil and Lynn Lori Wadhwa; the declaration offers a number of legal conclusions couched as factual statements.  ECF Nos. 25-2 & 25-3.

Defendants' opposition to the motion attaches copies of a number of actions the Wadhwas have filed in connection with the foreclosure and sale of the El Dorado Hills property.  These materials show the following:

- an action filed on December 18, 2009 in El Dorado County Superior Court, which plaintiffs voluntarily dismissed while a demurrer was pending.  ECF No. 28-1 to 28-4;
- an action filed on October 14, 2010 in El Dorado County Superior Court, which was removed to this court on June 3, 2011; the Honorable Dale A. Drozd has recommended that the action, Civ. No. S-11-1525, be dismissed as duplicative.  ECF No. 28-5 to 28-9;
- an action filed on December 17, 2011 in this court as Civ. No. S-10-3361 WBS DAD, which the court ultimately dismissed because of lack of subject matter jurisdiction.  ECF No. 28-10; and

/////

/////

1        •       an unlawful detainer action filed by defendants in El
2              Dorado County Superior Court; most recently the hearing
3              on the action was continued to the November 7 date after
4              plaintiffs filed for bankruptcy.  ECF No. 28-12 & 28 ¶ 20.

5       In addition, the court takes judicial notice of a bankruptcy case, *In re Sunil*
6 *Wadhwa,* No. 11-38859 (E.D. Cal.), which was dismissed on August 31, 2011, for debtor's
7 failure timely to file documents.

8       At the hearing on the motion, plaintiffs' counsel said he was prepared to submit
9 declarations supporting his contention that MERS' purported transfer of interest was fraudulent.
10 As of this writing he has not done so.

11 II. <u>Standards For A Preliminary Injunction</u>

12       A court may issue a preliminary injunction to preserve the relative position of the
13 parties pending a trial on the merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395
14 (1981); FED. R. CIV. P. 65.  The party seeking injunctive relief must show that "he is likely to
15 succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary
16 relief, that the balance of equities tips in his favor, and that an injunction is in the public
17 interest."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Munaf v.*
18 *Green*, 553 U.S. 674, 689-90 (2008).

19       Before the *Winter* decision, the Ninth Circuit employed a "sliding scale" or
20 "serious question" test, which allowed a court to balance the elements of the test "so that a
21 stronger showing of one element may offset a weaker showing of another."  *See Clear Channel*
22 *Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003).  Recently, the Circuit
23 found that its sliding scale test survived *Winter*: a court may issue a preliminary injunction when
24 a plaintiff raises serious questions going to the merits and demonstrates that the balance of
25 hardships tips sharply in his favor, so long as the court also considers the remaining two prongs
26 /////

of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Defendants argue that plaintiffs have not shown a likelihood of success on the merits, that the court should abstain, and that plaintiffs have not offered to post a viable bond. On the record before the court, the motion must be denied.

In the initial order granting the temporary restraining order, the court declined to enjoin the state proceedings themselves, recognizing that federal interference in ongoing state proceedings was unwarranted. In *Younger v. Harris*, 401 U.S. 37, 53-54 (1971), the Supreme Court recognized a long-standing policy against federal court interference in on-going state proceedings. *Younger* abstention is appropriate when (1) there are ongoing state proceedings (2) that implicate important state interests and (3) there is an adequate opportunity to raise federal issues in the state proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). A number of courts have found *Younger* abstention appropriate when asked to restrain state unlawful detainer proceedings. *See Coyotzi v. Countrywide Financial Corp.*, 2009 WL 2461336, at \*\*1-2 (E.D. Cal. Aug. 11, 2009); *Hicks v. Superior Court of California*, 2008 WL 489894, at \*3 (E.D. Cal. Feb. 20, 2008); *Contreras v. MTC Financial Inc.*, 2010 WL 5441950, at \*1 (N.D. Cal. Dec. 28, 2010).

Defendant argues that abstention is proper under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). In light of *Colorado River*, the court should consider these factors in deciding whether to stay or dismiss a case: "(1) whether either court has assumed jurisdiction over a *res*; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; [] (4) the order in which the forums obtained jurisdiction[;] (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the parties' rights." *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989) (internal citations omitted). In *Scherbenske v. Wachovia Mortg., FSB*, 626 F.Supp.2d 1052 (E.D. Cal. 2009), the court found *Colorado River* abstention appropriate because an

5

1 unlawful detainer action is *quasi in rem* and under Ninth Circuit authority, the court that first
2 assumes custody of the property has exclusive jurisdiction. *Id.* at 1056-57. Plaintiffs have not
3 provided any authority to persuade this court that abstention is not appropriate.

4         To the extent plaintiffs are asking the court to enjoin an eviction rather than to
5 enjoin the unlawful detainer proceedings themselves, they have not overcome the obstacles the
6 court outlined in its original order granting the motion for a temporary restraining order. As
7 noted earlier, they have not suggested how ultimate success on their claims of fraudulent
8 misrepresentation,[1] breach of fiduciary duty, unjust enrichment, civil conspiracy and usury
9 would entitle them to anything but damages. Success on these claims would not translate into a
10 determination that they are entitled to remain in their home. The court previously found that
11 plaintiffs might be able to show that the foreclosure sale was voidable because of the timing of
12 the filing of the notice of sale and the substitution of the trustee. ECF No. 9 at 8-9. Yet to
13 succeed on this claim, plaintiffs would have to show they were prejudiced by irregularities in the
14 sale, which they cannot do without a showing they could tender the amount owing on the loan.
15 *Fontenot v. Wells Fargo Bank N.A.*, 198 Cal.App.4th 256 (2011) (not yet final). Despite the
16 court's flagging these issues in its order granting the temporary restraining order, plaintiffs do
17 not address the tender requirement in their moving papers, except to argue that it should simply
18 be waived.

19         Finally, as defendants demonstrated in their moving papers, plaintiffs have
20 pursued the same general claims in two different courts. Two actions have been filed in this
21 court, while one has been removed here. The duplicative nature of this action, coupled with the
22 duplicative nature of the filings for injunctive relief, leads the court to caution plaintiffs that if
23 /////

---

25     [1] In their cause of action for fraudulent misrepresentation, plaintiffs claim they would not
have entered into the transaction had they been given complete information about the
26 securitization of the note.

6

1  they continue their pattern of filings they may in the future face the prospect of being declared
2  vexatious litigants, or otherwise found to have abused the court's process.
3         IT IS THEREFORE ORDERED that plaintiffs' motion for a preliminary
4  injunction (ECF No. 25) is denied.
5  DATED: September 28, 2011.

                                         UNITED STATES DISTRICT JUDGE