1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SUNIL WADHWA and
     LYNN LORI WADHWA,

12
                 Plaintiff,                          Civ. No. S-11-1784 KJM KJN

13
           vs.

14
     AURORA LOAN SERVICES, LLC, et al.,

15
                 Defendants.                         ORDER

16
     _____/

17

18          On March 8, 2012, this court dismissed with prejudice plaintiffs' causes of action

19   for breach of fiduciary duty and unjust enrichment as to defendants Aurora Loan Services, LLC

20   (Aurora) and Mortgage Electronic Registration Services, Inc. (MERS). Plaintiffs' remaining

21   causes of action were dismissed with leave to amend. On March 28, 2012, plaintiffs filed their

22   First Amended Complaint (FAC). On April 16, 2012, defendants filed a motion to dismiss and

23   on June 8, 2012, plaintiffs filed an opposition motion. On June 18, 2012, the court issued a

24   minute order directing defendants' motion to be submitted without oral argument. As discussed

25   below, defendants' motion to dismiss all causes of action is GRANTED.

26   /////

                                                  1

I.        Facts and Procedural History

On July 6, 2011, plaintiffs filed a complaint against Aurora, Capitol One Mortgage Corporation (Capital One) and MERS, alleging causes of action for fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, civil conspiracy, quiet title, usury and fraud, wrongful foreclosure and breach of security instrument, all stemming from the purchase of and foreclosure on the real property located at 3055 Orbetello Way, El Dorado Hills, California. ECF No. 1 at 60-61.

On July 7, 2011, plaintiffs filed a motion for a temporary restraining order, seeking to restrain the defendants from evicting them should they succeed in the unlawful detainer action scheduled to be heard in El Dorado County Superior Court on July 11, 2011. ECF No. 6-2 at 1. The court granted the request, but directed plaintiffs to post a $25,000 bond, which the court was prepared to accept as the tender required in a challenge to a foreclosure. ECF No. 9 at 9-10. Plaintiffs did not post the bond, but rather provided copies of two bonds, totaling $25,000, which had been posted in El Dorado County Superior Court. ECF Nos. 12 & 13. The court issued a minute order noting that the copies of the two bonds did not satisfy its order. ECF No. 14. When plaintiffs did not post a satisfactory bond by the deadline, the court vacated the temporary restraining order. ECF No. 15.

On July 26, 2011, plaintiffs filed a second request for issuance of a temporary restraining order, noting that the trial on the unlawful detainer action had been moved to August 1. ECF No. 20-2 ¶ 2. The court issued a minute order later on July 26, directing counsel to file information about the proposed bond that was at issue in the first restraining order. ECF No. 23. Counsel did not respond, and the application for the temporary restraining order was denied. ECF Nos. 23 & 24. On August 2, 2011, plaintiffs noticed a motion for a preliminary injunction, once again seeking to restrain defendants from proceeding with an unlawful detainer action, at that point rescheduled for November 7, 2011. This motion was denied. ECF No. 34.
/////

1    Defendants filed a motion to dismiss on August 15, 2011. ECF No. 26. Plaintiffs

2  filed an opposition, ECF No. 31, and in support of their opposition, plaintiffs also filed a request

3  for judicial notice of certain matters. ECF No. 32. On March 8, 2012, the court granted

4  defendant's motion to dismiss. ECF No. 39. Plaintiffs' causes of action for breach of fiduciary

5  duty and unjust enrichment as to Aurora and MERS were dismissed with prejudice. *Id*. at 34.

6  The remaining causes of action were dismissed with leave to amend. *Id*.

7    On March 28, 2012, plaintiffs filed their First Amended Complaint (FAC), re-alleging the

8  remaining causes of action for fraudulent misrepresentation, civil conspiracy, quiet title, usury

9  and fraud, wrongful foreclosure and breach of security instrument. ECF No. 40. On April 16,

10 2012, defendants filed a motion to dismiss, ECF No. 43, which plaintiffs have opposed.  ECF

11 No. 46.  On the court's own motion and as provided by Local Rule 230(g), defendants' motion to

12 dismiss was submitted without oral argument.

13 II.    Standard for a Motion to Dismiss

14    Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

15 dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may

16 dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

17 under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

18 1990). A motion to dismiss under this rule may also challenge the sufficiency of fraud

19 allegations under the more particularized standard of Rule 9(b) of the Federal Rules of Civil

20 Procedure. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

21    Although a complaint need contain only "a short and plain statement of the claim

22 showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion

23 to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a

24 claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

25 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include

26 something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or

1  "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'"

2  *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint

3  will survive a motion to dismiss for failure to state a claim is a "context-specific task that

4  requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*,

5  129 S.Ct. at 1950. Ultimately, the inquiry focuses on the interplay between the factual

6  allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King &*

7  *Spalding*, 467 U.S. 69, 73 (1984).

8          In making this context-specific evaluation, this court must construe the complaint

9  in the light most favorable to the plaintiff and accept as true the factual allegations of the

10  complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). This rule does not apply to "'a legal

11  conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986)

12  (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject

13  to judicial notice" or to material attached to or incorporated by reference into the complaint.

14  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's

15  consideration of documents attached to a complaint or incorporated by reference or matter

16  subject to judicial notice will not convert a motion to dismiss into a motion for summary

17  judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Parks Sch. of Bus. v.*

18  *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir.

19  2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally

20  court is limited to face of the complaint on 12(b)(6) motion).

21  III.    Analysis

22          Plaintiff's first amended complaint (ECF No. 40) is nearly indistinguishable from

23  the original complaint (ECF No. 1).[1]  The court therefore finds no reason to alter the conclusions

24  reached in its March 8, 2012 order (ECF No. 39) dismissing all causes of action.

25

26          [1] The only changes are additional allegations that Aurora was not the true owner of the plaintiffs' mortgage.  FAC ¶¶ 12-13.

1    With respect to the cause of action for fraud, the court had noted the need for

2 plaintiffs to differentiate their allegations as to specific defendants, in accordance with the

3 heightened pleading requirements of Rule 9(b). ECF No. 39 at 8. Plaintiffs now claim generally

4 that, "Defendants collectively did misrepresent to Plaintiffs that they were the true source or

5 origin of funds loaned to Plaintiffs, that Defendants had the right to carry out a foreclosure and

6 sale of Plaintiffs' home as properly assigned or substituted parties of interest." Pls.' Opp'n to

7 Defs.' Mot. to Dismiss First Amended Compl. ("Opp'n") at 8, ECF No. 46. Plaintiffs have not

8 repled their allegations with enough specificity to meet the pleading requirements for a fraud

9 claim.

10    The court also noted the need for plaintiffs to explain why their fraud claim is not

11 barred by a three-year statute of limitations. ECF No. 39 at 9; *see* CAL. CIV. PROC. CODE

12 § 338(d) (three year statute of limitations for actions "on the ground of fraud or mistake," which

13 does not accrue "until the discovery . . . of the facts constituting the fraud"). A party is deemed

14 to have discovered the fraud when it "'has reason at least to suspect the factual basis for its

15 elements.'" *Fox v. Ethicon Endo-Surgery, Inc*., 35 Cal. 4th 797, 807 (2005) (quoting *Norgart v.*

16 *The Upjohn Company*, 21 Cal. 4th 383, 398 (1999)). To rely on a claim of delayed discovery, a

17 plaintiff must allege facts showing that the facts could not have been discovered earlier even in

18 the exercise of reasonable diligence and identifying how and when plaintiff discovered the fraud.

19 *Briosos v. Wells Fargo Bank*, No. C 10–02834 LB, 2011 WL 1740100, at *4 (N.D. Cal. May 5,

20 2011); *but see Bonds v. Nicoletti Oil, Inc.*,  No. CV-F-07-1600 OWW/DLB, 2008 WL 2233511,

21 at *7–8 (E.D. Cal. May 28, 2008) (questioning whether California pleading standards apply, but

22 finding it plaintiff's burden to plead facts supporting delayed discovery). Plaintiffs still claim

23 only generally that they "learned of the actions of Defendants, including their failure to disclose

24 and the fraud committed upon them in August 2010." FAC ¶ 75.

25    With respect to the cause of action for civil conspiracy, the court observed that in

26 order to meet the elements for a civil conspiracy claim, plaintiffs must identify a specific duty

1   owed to them by defendants. ECF No. 39 at 12. The court also pointed out, with respect to

2   plaintiffs' claim of a conspiracy to defraud, the need to satisfy the heightened pleading

3   requirements for fraud set out in Rule 9(b). *Id*. at 12-13. Plaintiffs' amended complaint does not

4   provide the necessary details.  *See* FAC ¶¶ 78-85; Opp'n at 9.

5          With respect to the claim of usury, the interest rate on the loan must exceed the

6   statutory maximum. *Ghirardo v. Antonioli*, 8 Cal. 4th 791, 798 (1994). An interest rate that

7   exceeds ten percent per annum may be usurious. CAL. CONST. art. 15 § 1. Plaintiffs appear to

8   allege that the "formula break" was ". . . exceeded by a factor in excess of ten . . . ." FAC ¶ 98.

9   However, they have not identified the specific interest rate on their loan or otherwise shown that

10  it exceeded the maximum rate allowed by law. *See id.* ¶¶ 93-100.

11         Plaintiffs' amended complaint also does not differ noticeably from the original

12  complaint with respect to the claims for wrongful foreclosure and to quiet title. Plaintiffs allege

13  that Aurora was never assigned the beneficial interest in the deed of trust and that any

14  assignment that MERS and Aurora claimed occurred was not recorded as required by section

15  2932.5 of the California Civil Code; therefore, they allege, the subsequent foreclosure is void.

16  *See id.* ¶¶ 22-27; *cf*. Compl. ¶¶ 24-29; *see also* CAL. CIV. CODE § 2932.5.  Plaintiffs also reallege

17  that because the assignment of the beneficial interest to Aurora was fraudulent, Quality Loan

18  Services' substitution as trustee is invalid, and therefore, Quality Loan Services lacked any

19  power of sale. FAC ¶¶ 42, 108; *cf*. Compl. ¶¶  44, 122.  The court, however, has already found

20  that the deed of trust lists MERS as the beneficiary, acting as nominee for the lender, and gives

21  MERS the authority to take certain actions, including instituting foreclosure proceedings. ECF

22  No. 39 at 28. MERS also had the authority to substitute a trustee or assign a beneficial interest

23  under the deed, in this case to Aurora.  ECF No. 39 at 28.

24         Further, to set aside a foreclosure sale, the party challenging it must tender the

25  amount of debt or at least the amount of default. *FPCI RE-HAB 01 v. E & G Invests., Inc.*,

26  207 Cal. App. 3d 1018, 1022 (1989); *but see Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997)

1    ("[I]f the [plaintiff's] action attacks the validity of the underlying debt, a tender is not required

2    since it would constitute an affirmation of the debt."). In the present complaint, plaintiffs attack

3    neither the validity of the debt nor the fact that they are in default.  In opposition to defendants'

4    motion, plaintiffs cite to California authority stating that because the sale of the property was

5    void, rather than voidable, the party attacking a trust deed is "not required to meet any of the

6    burdens imposed when, as a matter of equity, a party wishes to set aside a voidable deed. In

7    particular, [that party is] not required to tender any of the amounts due under the note." *Dimock*

8    *v. Emerald Properties*, 81 Cal. App. 4th 868, 878 (2000) (cited in Opp'n at 10).

9         In *Dimock*, the alleged problem with the foreclosure occurred because the original

10   trustee (Commonwealth Trust Deed Services, Inc.) attempted to conduct a trustee's sale after a

11   second trustee (Calmco Trustee Services, Inc.) had been substituted in. *Id.* at 874-75. The court

12   observed that, once recording of the substitution occurred, the second trustee acquired the

13   exclusive power to conduct the sale under the terms of California Civil Code § 2934a. *Id*.

14   Accordingly, the court held that Dimock did not need to tender the default amount, which is

15   normally required when a party wishes to set aside a voidable deed. *Id.* at 878. In the instant

16   case, however, plaintiffs claim the opposite: that the substituted trustee, Quality Loan Services,

17   had no authority to initiate the trustee's sale because of defects in the substitution process. FAC

18   ¶¶ 18-20.  Despite being given the opportunity to amend, plaintiffs have not sufficiently alleged

19   that MERS lacked the authority to substitute a trustee or assign a beneficial interest under the

20   deed. In the absence of plausible claims to wrongful foreclosure and to quiet title, these causes of

21   action must be dismissed.

22        Finally, plaintiffs do not adequately elaborate upon their claim for breach of the

23   deed of trust. Plaintiffs' primary allegation appears to be that 1) only the lender or an authorized

24   trustee may initiate foreclosure proceedings; 2) Quality Loan Services was never properly

25   substituted as trustee and therefore lacked the authority to invoke the foreclosure. *Id.* ¶¶ 111-116.

26   Plaintiffs allege that the October 15, 2009 Notice of Default, which was signed by an agent of

7

1  ServiceLink-Irvine on behalf of Quality Loan Services, occurred prior to the notarization of the

2  substitution of Quality for Marin Conveyancing on October 26, 2009. *Id.* ¶¶ 19, 112-113.

3  However, the signing of the substitution occurred on October 15, 2009, the same day as the

4  recording of the Notice of Default. *Id.* ¶ 25. Under California Civil Code section 2924(a)(1), "the

5  trustee, mortgagee, or beneficiary, or any of their authorized agents" all are authorized to file a

6  notice of default. Nothing in the record suggests that ServiceLink-Irvine or the person who

7  actually signed the Notice of Default was not authorized to act for the trustee or beneficiary.

8  Once the substitution was recorded, Quality "suceed[ed] to all the powers, duties, authority, and

9  title granted and delegated to the trustee named in the deed of trust." CAL CIV. CODE §

10  2934a(a)(4).  Assuming the Notice of Default was properly filed by an agent of the trustee or

11  beneficiary, Quality assumed the trustee's powers upon the recording of the substitution and

12  properly conducted the sale.

13          Further, as the court's prior order observes, even if the Notice of Default was filed

14  before Quality was substituted, plaintiffs still are not entitled to relief.  *See generally Calvo v.*

15  *HSBC Bank USA, NA.*, 199 Cal. App. 4th 118 (2011) (Aztec Foreclosure Corporation recorded a

16  notice of default more than three months before it was properly substituted as trustee; the court

17  found the notice of sale, issued after the proper substitution, was valid, as was the foreclosure).

18  ECF No. 39 at 31.

19          The Ninth Circuit has instructed that "'a district court should grant leave to

20  amend even if no request to amend the pleading was made, unless it determines that the pleading

21  could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

22  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));

23  *see also Gardner v. Marino*, 563 F.3d 981 (9th Cir. 2009) (finding no abuse of discretion in

24  denying leave to amend when amendment would be futile).  In its order granting the first motion

25  to dismiss in this case, the court addressed in detail the deficiencies in each of plaintiffs' claims.

26  /////

1  Plaintiffs' failure even to attempt to cure the identified deficiencies demonstrates that allowing

2  further amendment of the complaint would be futile.

3       IT IS THEREFORE ORDERED that:

4       1.  Defendants' motion to dismiss all causes of action, ECF No. 43, is GRANTED

5  with prejudice.

6       2.  The case is closed.

7  DATED:  February 8, 2013.

8

9       _____
        UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26